UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **BARRY DEWAYNE CARRIER,** | **CRIMINAL NO. 5:09-CR-36-KKC** |
| **PETITIONER,** | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **UNITED STATES OF AMERICA** | |
| **RESPONDENT.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Barry Dewayne Carrier's *pro se* Motion for Equitable Relief, Alternatively, Motion for Clarification. (DE 65.)

Carrier was sentenced August 27, 2009 to a term of imprisonment of 180 months after pleading guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (DE 21.) Carrier later submitted an application to the Bureau of Prisons ("BOP") requesting credit toward his federal sentence for time spent in state custody. BOP found that 18 U.S.C. § 3585(b) prohibited application of this credit but considered the request as one for *nunc pro tunc* or retroactive designation. After considering the factors set forth in 18 U.S.C. § 3621(b), BOP determined that a retroactive concurrent designation was appropriate. Accordingly, Carrier's sentence was computed to commence on July 19, 2012 with a projected release date of August 12, 2025. (DE 65-1, at 8–10.)

On June 14, 2017, Carrier was resentenced to a term of eighty-four months imprisonment, to be served consecutively to any prior state sentence. (DE 56, at 2.) Carrier argues that the BOP has incorrectly calculated his release date and seeks an immediate release *sua sponte* or through a revised calculation of his sentence.

"It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981.) Besides his *nunc pro tunc* application, Carrier has not filed any other petition for administrative remedy. As Carrier has failed to exhaust his available administrative remedies, his motion for equitable relief is barred. Accordingly, the Court **HEREBY ORDERS** that Carrier's Motion for Equitable Relief is **DENIED**. The Court suggests that Carrier consult the United States' response which discusses the three-tiered Administrative Remedy Program through which he may seek to redress his grievances. (DE 70, at 5); *see generally* 28 C.F.R. § 542.10, *et seq*.

Dated July 24, 2018.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY